United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-30481
Summary Calendar

———————————————

MALINDA A. NELSON,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-1166-B
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Malinda A. Nelson is appealing the district court's order

granting the defendant Commissioner of Social Security's motion

for summary judgment and dismissing her complaint filed pursuant

to 42 U.S.C. § 405(g) challenging the Commissioner's decision to

deny her Social Security disability benefits.

Nelson argues that the administrative law judge (ALJ) erred

in failing to determine pursuant to Singletary v. Bowen, 798 F.2d

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

818 (5th Cir. 1986) whether she could maintain employment on a sustained basis. Because the objective medical evidence showed that Nelson could obtain employment and she did not assert that she suffers from a condition that periodically precludes her from working, the ALJ was not required to make an express finding that Nelson could maintain a job. See Frank v. Barnhart, ___ F.3d __, (5th Cir. Mar. 25, 2003, No. 01-30714), 2003 WL 1534379 at *1.

Nelson argues that the ALJ failed to properly consider the effects of her medication on her ability to work. Nelson did not present any medical evidence showing that the medication's side effects would preclude her from doing any of the listed jobs. This claim is based solely on Nelson's testimony concerning the effects of the medicine.

The ALJ gave consideration to the effects of the medication but determined that Nelson's testimony was not credible insofar as she contended she is totally disabled by her condition and the medication. The ALJ's credibility findings are entitled to deference. Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988). Further, the ALJ's credibility findings are supported by the substantial objective medical evidence in the record showing that Nelson does not have a back condition that requires her to take narcotic pain medication on a daily basis.

Nelson argues that the ALJ failed to give sufficient weight to the opinion of her treating physician and also failed to consider the six specific factors to be evaluated prior to

refusing to give controlling weight to the opinion of a treating physician.

In Newton v. Apfel, 209 F.3d 448, 453 (5th Cir. 2000), this court held that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." Dr. Waguespack's examination notes contained no objective clinical findings with respect to Nelson's back problems. Further, Dr. Waguespack's conclusion that Nelson was totally disabled was not supported by any of the objective medical findings in the record and was contradicted by the opinions of the other physicians who had reviewed the objective findings. The ALJ was not required to give a more detailed analysis under Newton because the substantial objective medical evidence in the record controverted Dr. Waguespack's conclusional opinion. See Shave v. Apfel, 238 F.3d 592, 595 (5th Cir. 2001); Newton, 209 F.3d at 453.

Nelson argues that the ALJ erred in determining that she has the ability to perform a full range of light work. The only evidence supporting this argument was Nelson's testimony that she was restricted in the amount of time that she can sit and stand during a work day. However, this testimony was contradicted by the objective medical evidence and Nelson's own statements

regarding her ability to engage in activities of daily living. There was substantial evidence in the record to support the ALJ's conclusion that Nelson has the capacity to perform a full range of light work.

The decision of the district court granting summary judgment in favor of the Commissioner and dismissing Nelson's complaint is AFFIRMED.